**Scott WELLS, Plaintiff–Appellant,**

v.

**MUTUAL OF ENUMCLAW; Becky Nichol; Rena Bilodeau; Marty Haffer; John Engel; John Does 1–20, whose true identities are unknown, Defendants–Appellees.**

No. 05–35913.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2007.

Filed July 25, 2007.

Wm Breck Seiniger, Esq., Seiniger Law Offices, Boise, ID, for Plaintiff–Appellant.

Richard C. Boardman, Esq., Perkins Coie, LLP, for Defendants–Appellees.

Before: ALARCÓN, HAWKINS, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Appellant Scott Wells ("Wells") brought an Americans with Disabilities Act claim against his employer, Mutual of Enumclaw ("Mutual"), alleging that Mutual violated 42 U.S.C. § 12112(b)(5)(A) by terminating his employment before providing him with reasonable accommodations for the angry outbursts he experienced as a result of his early-onset Alzheimer's Disease and its related dementia. Wells appeals the district court's summary judgment grant in favor of Mutual.

Reviewing the district court's grant of summary judgment de novo, *Blankenhorn v. City of Orange,* 485 F.3d 463, 470 (9th Cir.2007), summary judgment was properly granted here. A disabled employee is entitled to reasonable accommodations for disability-created limitations *only* upon request or by meeting the narrow exception articulated in *Brown v. Lucky Stores, Inc.,* 246 F.3d 1182, 1188 (9th Cir.2001).[1] Viewing the evidence in the light most favorable to Wells and drawing all reasonable inferences in his favor, *see id.* at 1187, Mutual's duty to provide Wells with a reasonable accommodation was never triggered.

Although Wells told Mutual he had been diagnosed with early-onset Alzheimer's Disease and dementia in a context suggesting that his angry outbursts were caused by these medical conditions, this was not the equivalent of requesting an accommodation for those angry outbursts. *Zivkovic,* 302 F.3d at 1089 ("An employee is not required to use any particular lan-

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule R. 36–3.

1. *See Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1089 (9th Cir.2002) (citing *Barnett v.*

*U.S. Air, Inc.,* 228 F.3d 1105, 1112 (9th Cir. 2000) (en banc), *vacated on other grounds sub nom. by U.S. Airways, Inc. v. Barnett,* 535 U.S. 391, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002)).

guage when requesting an accommodation but [must] 'inform the employer of the need for an adjustment ....'" (quoting *Barnett,* 228 F.3d at 1114 n. 5) (emphasis added)).

That Mutual may have known Wells had a disability and was experiencing workplace difficulties because of it does not mean Mutual knew or had reason to know Wells's disability might be preventing him from requesting an accommodation. *See Brown,* 246 F.3d at 1188. Wells never told Mutual (nor provided Mutual with medical records indicating) that his dementia might be causing him a lack of insight into his condition. *Cf. Taylor v. Phoenixville Sch. Dist.,* 174 F.3d 142, 160 (3d Cir.1999). Nor did Wells exhibit any behavior suggesting that his dementia was so severe that he could not be expected to ask for help if he needed it. *Cf. Bultemeyer v. Ft. Wayne Cmty. Schs.,* 100 F.3d 1281, 1286–87 (7th Cir.1996). Thus, Wells's suggestion that his case is analogous to either of these out-of-circuit cases is misplaced.

Because Wells neither requested an accommodation nor gave Mutual reason to know that his dementia prevented from him making such a request, Mutual had no duty to begin the "interactive process" en route to providing Wells with a reasonable accommodation. The district court's grant of summary judgment is therefore **AFFIRMED.**